IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
NO. 3:24CR94

MONTAVIUS HANCOCK )
)
)
)
)
vs. )
)
UNITED STATES OF AMERICA. )
)
)
_____ )

**UNITED STATES' RESPONSE IN OPPOSITION TO
"MOTION FOR REDUCTION OR MODIFICATION OF SENTENCE" UNDER
AMENDMENT 821**

The United States respectfully requests that this Court dismiss or deny the

July 15, 2026, motion Montavius Hancock has styled as a "Motion for Reduction or

Modification of Sentence to U.S.C. § 3582(c)(2) Guideline Amendment 821." *Motion*

(Doc. No. 34) (hereinafter "*Mot.*"), at 3. This Court lacks authority to grant the

remedy Hancock seeks — reduction of his sentence under Amendment 821, an

amendment that was in effect before he was sentenced.

Hancock's motion follows a valid guilty plea Hancock entered to possession of

a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). *Entry and Acceptance of Guilty*

*Plea* (Doc. No. 20), at 1–4. This Court sentenced him to a term of imprisonment of

48 months. *Judgment* (Doc. No. 32), at 2. Hancock did not appeal.

Hancock now asks this Court to "grant [him] colorable claim for relief"

because the BOP "has removed the statute 922(g) from the list of violent crimes in

light of the 'First Step Act.'" *Mot.*, at 1.  Thus, according to Hancock, the BOP "has laid the foundation for inmates with 922(g) offenses to seek correction of 922(g) violent redesignation with[]in the respected Pre[]sentencing Report."  *Id.*  Hancock does not allege any defect or error in the § 922(g) count, in his guilty plea, in his conviction, in his sentence, or in this Court's judgment.  *Id.*  Indeed, he concedes that he does not bring his "request . . . in association with any recent Supreme Court ruling or any United States Sentencing Commission new Amendment on sentencing guideline decrease."  *Id.*  His sole complaint is about the policies and practices the United States Bureau of Prisons applies to inmates convicted under § 922(g)(1).  *Id.* This Court should dismiss or deny Hancock's motion for three reasons.

First, this Court lacks authority to grant the remedy Hancock's motion requests.  "[D]istrict courts have no inherent authority to disturb the finality of criminal sentences."  *United States v. Payne*, 54 F.4th 748, 752 (4th Cir. 2022).  And Hancock has identified no statute or other provision that "authorizes" this Court, *id.*, to amend Hancock's sentence.  That count is not a "clerical error," for example. Fed. R. Crim. P. 36.  And Hancock does not assert that his conviction is not "valid" or is otherwise subject to "collateral attack," assertions that would place it within the framework of 28 U.S.C. § 2255.  *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022).  Simply put, no law authorizes this Court to do what Hancock asks. This Court should, therefore, dismiss or deny Hancock's motion.  *Payne*, 54 F.4th at 755.

Second, even if this Court had authority, amending Hancock's sentence for his § 922(g) conviction would be inappropriate. After at least one felony conviction, and while subject to a separate arrest warrant, Hancock illegally possessed a firearm with an obliterated serial number. *Presentence Report* (Doc. No. 26), at 5–6, 8–9; *Statement of Reasons* (Doc. No. 33), at 1. And he entered a valid guilty plea to his § 922(g)(1) charge, which this Court accepted. Hancock was duly convicted under § 922(g)(1), in other words, because he committed the crime of possession of a firearm by a convicted felon and entered a valid guilty plea. To the extent Hancock has complaints about the policies and practices of the Bureau of Prisons, the proper remedy does not involve reducing his sentence.

Finally, this Court construed Hancock's motion as one for "a sentence reduction based on Amendment 821 of the United States Sentencing Guidelines." *Order* (Doc. No. 35), at 1. But Amendment 821 does not supply a basis for a sentence reduction because it went into effect in November 2023, U.S.S.G. App. C (Vol. IV), at 234 (Amendment 821), and this Court sentenced Hancock roughly a year-and-a-half later in May 2025. *Judgment* (Doc. No. 32), at 1; *see also United States v. Jennings*, 3:23-cr-42-MOC, 2025 WL 2533508, at *2 (W.D.N.C. Sept. 2, 2025). So this Court sentenced Hancock "consistently with [Amendment 821]," *Jennings*, 2025 WL 2533508, at *2, rendering him ineligible for a sentence reduction.

Hancock has identified neither the authority nor a good reason for this Court to grant the remedy he requests. The United States, therefore, respectfully requests

that this Court dismiss or deny Hancock's "Motion for Reduction or Modification of Sentence" under Amendment 821.

RESPECTFULLY SUBMITTED this 12th day of August, 2026.

RUSS FERGUSON
UNITED STATES ATTORNEY

s/Marjorie G. McLean
Marjorie G. McLean
Assistant United States Attorney
227 West Trade Street, Suite 1650
Charlotte, NC 28202
Telephone: 704-344-6222
Fax: 704-344-6229
Email: marjorie.mclean@usdoj.gov

4

**CERTIFICATE OF SERVICE**

I certify that on this 12th day of August, 2026, I caused a copy of the foregoing response to be served on Hancock at the following address:

Montavius Hancock
No. 10807-511
FCI Butner Medium II
P.O. Box 1500
Butner, NC 27509


s/Marjorie G. McLean
Assistant United States Attorney
USAO Charlotte, NC